IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                                                                                      No. CR 10-116 BDB

NICK DEBRUIN,

        Defendant.

### MEMORANDUM OPINION
### IN SUPPORT OF ORDER DENYING
### DISMISSAL OF COUNTS 4 AND 6

**THIS MATTER** is before the Court on the Motion of Defendant Nick DeBruin to Dismiss [doc. 65], and the Court having held oral argument on February 7, 2011, and considered all submissions of counsel, finds the Motion lacks legal support and must be Denied.

### *Legal Standard*

Dismissal of an indictment or counts thereof is a drastic and generally disfavored remedy. *United States v. Kingston*, 971 F.2d 481, 491 (10th Cir. 1992); *United States v. Isgro*, 974 F.2d 1091, 1097 (9th Cir. 1992). Facts stated in the indictment are to be taken as true, *United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006), and trial courts may not consider evidence outside the indictment when deciding a motion under FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(3). *United States v. Self*, 2 F.3d 1071,

1082 (10th Cir. 1993). To be sufficient, an indictment must adequately set forth all the essential elements of the charged offense sufficient to appraise defendant of the charges he must meet. *United States v. Todd*, 446 F.3d 1063, 1067 (10th Cir. 2006); *United States v. Kovach*, 208 F.3d 1215, 1218 (10th Cir. 2000).

Defendant DeBruin argues Counts 4, 6, and 12 must be dismissed because they fail to "allege that Officer DeBruin possessed the contraband [drugs] to keep, use for himself or sell; rather it alleges he possessed it for purposes of 'planting' it at crime scenes or on criminals." (Def.'s Br. p. 2). The law requires this Court to reject Defendant's argument. It has repeatedly been recognized that police officers who use seized drugs for such illicit purposes may be charged with criminal conspiracy under our drug trafficking statutes. *United States v. Radcliff*, 331 F.3d 1153, 1155 (10th Cir. 2003); *United States v. Haynes*, 582 F.3d 686, 701 (7th Cir. 2009); *United States v. Patterson*, 348 F.3d 218, 226 (7th Cir. 2003); *United States v. Sanchez-Berrios*, 424 F.3d 65, 72 (1st Cir. 2005); *United States v. Duncan*, 191 F.3d 569, 571 (5th Cir. 1999); *United States v. Washington*, 106 F.3d 983, 1002-04 (D.C. Cir. 1997).

This Court must also reject Defendant DeBruin's argument that he cannot be charged under 18 U.S.C. § 924(c) because "he cannot be found guilty of carrying a firearm during a drug trafficking crime if he is only charged with planning to possess/plant/traffic in them." (Def.'s Br. p. 6). *Haynes*, 582 F.3d at 702; *Patterson*, 348 F.3d at 226; *Sanchez-Berrios*, 424 F.3d at 78; *Washington*, 106 F.3d at 1002-06, 1010;

*cf. Radcliff*, 331 F.3d at 1157 (recognizing the potential charge but not necessary to decide its validity).

For the above stated reasons, Defendant DeBruin's Motion to Dismiss will be Denied.

_____
**BRUCE D. BLACK**
**Chief Judge**
**Sitting by Designation**